Scott E. Davis
State Bar No. 016160
SCOTT E. DAVIS, P.C.
8360 E. Raintree Drive, Suite 140
Scottsdale, AZ 85260

Telephone:  (602) 482-4300
Facsimile:   (602) 569-9720
email: davis@scottdavispc.com

*Attorney for Plaintiff Karin McNally*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

|  |  |
|---|---|
| Karin McNally, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Unum Life Insurance Company of America; Shamrock Foods Company; Shamrock Foods Company Plan, | |
| Defendants. | |

Now comes the Plaintiff Karin McNally (hereinafter referred to as "Plaintiff"), by and through her attorney, Scott E. Davis, and complaining against the Defendants, she states:

### *Jurisdiction*

1.     Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover

employee benefits.  In addition, this action may be brought before this Court pursuant to 28 U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of the United States.

### *Parties*

2.     At times relevant to this action, Plaintiff was a resident of Maricopa County, Arizona.

3.     Upon information and belief, Defendant Shamrock Foods Company (hereinafter referred to as the "Company") sponsored, administered and purchased a group long-term disability insurance policy which was fully insured by Unum Life Insurance Company of America (hereinafter referred to as "Unum").  The specific Unum group long-term disability policy is known as Group Policy No.: 148910 002 (hereinafter referred to as the "Policy").  The Company's purpose in sponsoring, administering and purchasing the Policy was to provide long-term disability insurance for its employees.

4.     Upon information and belief, the Policy may have been included in and part of an employee benefit plan, specifically named the Shamrock Foods Company Plan (hereinafter referred to as the "Plan") which may have been created to provide the Company's employees with welfare benefits.   At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1).

5.     Upon information and belief, Unum functioned as the claim administrator of the Policy; however, pursuant to the relevant ERISA regulation, the Company and/or the Plan may not have made a proper delegation or properly vested fiduciary authority or power for claim administration in Unum.

6.      Unum operated under a conflict of interest in evaluating Plaintiff's long-term disability claim due to the fact that it operated in dual roles as the decision maker with regard to whether Plaintiff was disabled, as well as the payor of benefits.

7.      Unum's conflict of interest existed in that if it found Plaintiff was disabled, it was then financially liable for the payment of her disability benefits.

8.      The Company, Unum and the Plan conduct business within Maricopa County and all events giving rise to this Complaint occurred within Arizona.

### *Venue*

9.      Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

### *Nature of the Complaint*

10.     Incident to her employment, Plaintiff was a covered employee pursuant to the Plan and the relevant Policy and a "participant" as defined by 29 U.S.C. §1002(7). Plaintiff seeks disability income benefits from the Plan and the relevant Policy pursuant to §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), as well as any other non-disability employee benefits she may be entitled to from the Plan, any other Company Plan, and/or the Company as a result of being found disabled in this action.

11.     After working for the Company as a loyal employee, Plaintiff became disabled on or about September 15, 2012, due to serious medical conditions and was unable to work in her designated occupation as an Accountant.  Plaintiff has remained continuously "disabled" from working in any occupation by medical conditions that are not subject to a "limited pay period" as that term is defined in the in the Policy.  Due to Plaintiff's serious medical conditions that are not subject to a "limited pay period" as that term is defined in

the Policy, she has been continuously unable to work in any occupation since September 15, 2012.

12.     Following the onset of her disability, Plaintiff filed a claim for long-term disability benefits under the relevant Policy which was administered by Unum.  Unum made every decision in Plaintiff's long-term disability claim.

13.     Upon information and belief, the relevant Unum Policy and definition of disability governing Plaintiff's long-term disability claim is as follows:

> You are disabled when Unum determines that:
> - You are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury, and
> - You have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.
>
> After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience.

14.     In support of her claim for long-term disability benefits, Plaintiff submitted to Unum medical evidence which supported her allegation that she met any definition of disability as defined in the relevant Policy.

15.     Unum initially approved Plaintiff's long-term disability claim and paid her long-term disability benefits through January 16, 2015, when Unum terminated her benefits after concluding Plaintiff was disabled and unable to work due to a medical condition that was subject to a "limited pay period" and 24 months of disability benefits as that term is defined in the Policy.  Plaintiff alleges in this action that her claim and many of her disabling and serious medical conditions are not subject to any Policy limitation and that

Unum's determination in this regard is unlawful, unreasonable, erroneous and palpable evidence that its conflict of interest is the reason it applied the Policy limitation.

16.    During the period of time Plaintiff was receiving long-term disability benefits, she also applied for, was approved for and is currently receiving Social Security disability benefits through the Social Security Administration (hereinafter referred to as "SSA").

17.    Plaintiff informed Unum that her claim for Social Security disability benefits had been approved and she submitted documentation to Unum from the SSA which confirmed the approval.

18.    The SSA found Plaintiff became disabled from engaging in any gainful occupation which may have existed in the national economy as of November 2012. Plaintiff's medical evidence was so persuasive that SSA approved her claim without her even needing to attend a hearing before an Administrative Law Judge.

19.    Unum was aware that the SSA approved Plaintiff's claim based on a primary medical diagnosis that is not subject to any Policy limitation or subject to a "limited pay period" as that term is defined in the Policy.

20.    The SSA's definition of disability is more stringent and difficult to meet than the aforementioned definition of disability in the Unum Policy for the first 24 months of disability and substantially similar to the Policy's definition of disability after the first 24 months of disability.  Therefore, the SSA's approval of Plaintiff's claim and the fact that SSA has continued to pay her benefits for a number of years based on a medical diagnosis that is not subject to a "limited pay period" as that term is defined in the Policy, is relevant evidence for this Court to consider with regard to the unreasonableness of Unum's decision to terminate and deny Plaintiff's claim and benefits.

21.     In a letter dated January 16, 2015, Unum informed Plaintiff it was terminating her long-term disability benefits beyond that date after concluding her claim and medical conditions were subject to a "limited pay period" in the Policy and that it had paid all the benefits Plaintiff was entitled to.

22.     As part of its review of Plaintiff's long-term disability claim, Unum obtained medical records only "paper reviews" from two physicians named Victoria Szatalowicz, M.D. and Joseph Sentef, M.D.

23.     Upon information and belief, Plaintiff alleges Drs. Szatalowicz and Sentef may be Unum employees.  As a result, Plaintiff alleges Drs. Szatalowicz and Sentef may have an incentive to protect their own employment with Unum by providing medical records only "paper reviews," which selectively review or ignore evidence such as occurred in Plaintiff's claim, in order to provide opinions and report(s) which are favorable to Unum and which supported Unum's termination of Plaintiff's disability benefits.

24.     Plaintiff questions the independence, impartiality and credibility of Unum's own employees to fully and fairly review her claim and believes these consultants' opinions are adversarial to her claim because of their conflicts of interest as Unum employees. Plaintiff believes Unum's financial conflict of interest as referenced *supra*, is a motivating factor as to why it referred Plaintiff's claim to its own employees for review.

25.     Pursuant to 29 U.S.C. §1133, Plaintiff timely appealed Unum's January 16, 2015 termination of her benefits and submitted additional medical, vocational and lay-witness evidence supporting her appeal and her allegation that she continued to meet the definition of disability in the Policy and that her claim and disabling medical conditions were not subject to a "limited pay period" as that term is set forth and defined in the Policy.

26.     Plaintiff submitted to Unum a June 17, 2015 narrative letter authored by her board certified treating physician who opined that Plaintiff was totally disabled due solely to a medical condition that is not subject to a "limited pay period" as set forth in the Policy.

27.     Plaintiff also submitted to Unum a July 1, 2015 narrative letter authored by another board certified treating physician who opined, "…there is abundant physical evidence…" to support his opinion, "…[Plaintiff] is significant[ly] disabled and has been unable to work in any occupation since 9/14/12."

28.     Plaintiff also submitted to Unum a July 27, 2015 narrative letter authored by a third board certified treating physician who opined, "…[Plaintiff] would be unable to perform even sedentary work due to her physical and cognitive conditions."

29.     Plaintiff also submitted to Unum an Independent Medical Examination report dated June 4, 2015 authored by a board certified rheumatologist, who after physically examining Plaintiff, reviewing Plaintiff's medical records and the Policy's relevant "limited pay period" language, opined, "…[Plaintiff] has been unable to work in any occupation since September 14, 2012 and will likely be unable to do so indefinitely" and further confirmed, "…Unum's [policy] limitation does not apply."  The examining rheumatologist also opined that with regard to one of Plaintiff's serious medical conditions, that condition alone is disabling, that it precludes her ability to work in any occupation and is not subject to any Policy limitation.

30.     Further supporting her claim, Plaintiff submitted to Unum an evaluation report dated February 16, 2015 authored by a physician who following an evaluation of Plaintiff concluded, "[Plaintiff] was encouraged to first focus on treatment of her [medical conditions] as her symptoms will likely continue to interfere with her ability to perform job duties consistently and should be addressed prior to returning to work."

31.     Plaintiff also submitted to Unum an evaluation report dated April 2, 2015, wherein after a several hour evaluation, an evaluating physician concluded that based on his clinical evaluation and the results of Plaintiff's evaluation, it was his medical opinion Plaintiff was disabled due to medical conditions that are not subject to any limitation in the Unum Policy.

32.     Plaintiff also submitted to Unum a Functional Capacity Evaluation report dated April 15, 2015, wherein after an extensive several hour evaluation, a qualified physical therapist concluded that, "[Plaintiff's] physical restrictions and limitations…would preclude her from maintaining an effective ***sedentary work level*** with any level of pace and persistence" and ultimately opined, "…[Plaintiff] would not be able to function at a ***sedentary work category***." (Original emphasis).

33.     Further supporting her claim, Plaintiff submitted a vocational report from a certified vocational expert dated July 10, 2015, who after interviewing Plaintiff and reviewing the aforementioned evidence along with the definition of disability and the "limited pay period" language set forth for certain medical diagnoses in the Policy, concluded, "[Plaintiff] fully meets the criteria set forth in Unum's disability policy and from a vocational standpoint is unable to work in any job that may exist in the national economy."

34.     Plaintiff also submitted updated medical records from each of her treating providers and a list of her current medications, as well as the side effects they cause and the impact they have on her ability to work in any occupation or in any work environment.

35.     Plaintiff also submitted to Unum two (2) sworn affidavits authored by her fiancé and her friend, who both confirmed she is unable to work in any occupation due to

medical conditions that are not subject to a Policy limitation, and that these conditions had not improved in any meaningful way since the date she originally became disabled.

36.     As part of its review of Plaintiff's claim for long-term disability benefits, Unum obtained a medical records only "paper review" of Plaintiff's claim from a physician of its choosing.  Unum did not disclose the identity of the reviewing physician to Plaintiff, either during its administrative review of her claim or following its final denial.

37.     Upon information and belief, Plaintiff alleges the reviewing physician may be a long time medical consultant for Unum and/or the disability insurance industry.  As a result, Plaintiff alleges the reviewing physician may have an incentive to protect his/her own consulting relationship with Unum and/or the disability insurance industry by providing medical records only paper reviews, which selectively review or ignore evidence such as occurred in Plaintiff's claim, in order to provide opinions and report(s) which are favorable to insurance companies and that supported the denial of Plaintiff's claim.

38.     In letters dated July 14, 2015 and August 20, 2015, in order to engage Unum in a dialogue so she could perfect any alleged deficiencies in her claim, Plaintiff requested a complete copy of any and all medical records only "paper reviews" from Unum and the opportunity for her and her medical professionals to respond to the reviews prior to Unum rendering a determination in her claim.

39.     Prior to rendering its final denial in Plaintiff's claim, Unum never shared with Plaintiff the medical records only "paper review" authored by its reviewing medical professional so she could respond to the report and perfect her claim.  Unum's failure to provide Plaintiff with the opportunity to respond to the medical professional's report is an ERISA procedural violation, it precluded a full and fair review pursuant to ERISA and also violated Ninth Circuit case law.

40.     In a letter dated October 1, 2015, notwithstanding Plaintiff's aforementioned evidence which proved that she met any definition of disability in the Policy and that some or all of her disabling medical conditions are not subject to a "limited pay period" as set forth in the Policy, Unum notified her it had denied her claim for continued long-term disability benefits.  In its letter, Unum concluded that "when considering all of the physical medical conditions together and separately, the available medical records do not reflect Ms. McNally's inability to perform full time work within the occupational demands of …[Sedentary Work]."

41.     Unum's October 1, 2015 denial is erroneous because although one or some of Plaintiff's disabling medical conditions may have been subject to a "limited pay period" as set forth in the Policy, not all of her disabling medical conditions are.  As referenced *infra*, Plaintiff's treating medical providers have rendered opinions that she is unable to work in any occupation due to disabling medical conditions that are not subject to any policy limitation or a "limited pay period" as alleged by Unum in its October 1, 2015 final denial.

42.     In its denial letter dated October 1, 2015, Unum notified Plaintiff she had exhausted her administrative levels of review and that she could file a civil action lawsuit in federal court pursuant to ERISA.

43.     Upon information and belief, Unum's October 1, 2015 denial letter confirms that it failed to provide a full and fair review and in the process committed several ERISA procedural violations.  Unum violated ERISA for numerous reasons including completely failing to credit, reference, consider, and/or selectively reviewing and de-emphasizing most, if not all of Plaintiff's reliable evidence which proved that she met any definition of disability of disability in the Policy and that her claim and disabling medical conditions are not subject to a "limited pay period" as set forth in the Policy.

44.     In evaluating Plaintiff's claim on appeal, Unum owed her a fiduciary duty and it had an obligation pursuant to ERISA to administer it "solely in [her] best interests and other participants" which it failed to do. [1]

45.     Unum failed to adequately investigate and failed to engage Plaintiff in a dialogue during the appeal of her claim with regard to what evidence was necessary so Plaintiff could perfect her appeal in order to prove not only that she is disabled as that term is defined in the Policy, but disabled due to a medical condition or medical conditions that are not subject to a "limited pay period" as set forth in the Policy.  Unum's failure to investigate the claim and to engage in this dialogue and to ask for and/or obtain the evidence it believed was necessary and critical to perfect Plaintiff's claim is an ERISA procedural violation, it also violates Ninth Circuit case law and is a reason she did not receive a full and fair review.

46.     Plaintiff alleges Unum provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, by concluding she is not "disabled" due to a physical medical condition or due to a medical condition whose benefits are limited as that term is defined in the Policy; by failing to have Plaintiff's claim reviewed by truly independent medical professionals; by failing to adequately evaluate and consider the consistent and ongoing approval of Plaintiff's SSA claim; by failing to credit

---

[1] It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," Firestone, 489 U.S., at 113, 109 S. Ct. 948, 103 L. Ed. 2d 80 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B). *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350 (U.S. 2008).

Plaintiff's reliable evidence; by failing to obtain an Independent Medical Examination when the Policy allowed for one which raises legitimate questions about the thoroughness and accuracy of its review and denials; by providing biased and one sided reviews of Plaintiff's claim that failed to consider all the evidence submitted by her and/or by de-emphasizing medical evidence which supported Plaintiff's claim; by disregarding Plaintiff's subjective and self-reported complaint/symptoms; by failing to consider all her medical conditions and the work limitations set forth in her medical evidence as well as the impact the combination of these medical conditions and limitations have on her ability to work in any occupation; by failing to engage Plaintiff in a dialogue so she could respond to the reviewing medical professional's report by submitting the necessary evidence to perfect her claim so she could prove that she is "disabled" as that term is defined in the Policy, and by failing to consider the impact the side effects from Plaintiff's medications would have on her ability to engage in any occupation.

47.    Plaintiff alleges a reason Unum provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, is due to its conflict of interest that manifested as a result of the dual roles Unum undertook as the decision maker and the payor of benefits.  Unum's conflict of interest provided it with a financial incentive to terminate Plaintiff's claim by finding that she is not disabled.

48.    When Unum denied Plaintiff's claim and asserted its "limited pay period" Policy limitation, that limited her claim to only 24 months of benefits, it saved a significant amount of money.

49.    Plaintiff is entitled to discovery regarding Unum's aforementioned conflicts of interest.  Plaintiff is also entitled to discovery regarding the conflicts of interest of any third party vendor hired by Unum to retain a reviewing medical professional in Plaintiff's

claim and of *any* individual who reviewed her claim.  The Court may properly weigh and consider extrinsic evidence regarding the nature, extent and effect of *any* conflict of interest and/or any ERISA procedural violation which may have impacted or influenced Unum's decision to terminate her benefits and deny her claim.

50.    With regard to whether Plaintiff meets the definition of disability set forth in the Policy, the Court should review the evidence in Plaintiff's claim *de novo*, because even if the Court concludes the Policy confers discretion, the unlawful violations of ERISA committed by Unum as referenced herein abused any discretion that may have been afforded in the Policy and are so flagrant that they justify *de novo* review.

51.    As a direct result of Unum's decision to deny Plaintiff's disability claim, she has been injured and suffered damages in the form of lost long-term disability benefits, in addition to other potential non-disability employee benefits she may be entitled to receive through or from the Plan, from any other Company Plan and/or the Company as a result of being found disabled.   Plaintiff believes that other potential non-disability employee benefits may include but not be limited to, health and other insurance related coverage or benefits, retirement benefits and/or a pension, life insurance coverage and/or the waiver of the premium on a life insurance policy providing coverage for her and her family/dependents.

52.    Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to recover unpaid disability and non-disability employee benefits, prejudgment interest, reasonable attorney's fees and costs from Defendants.

53.    Plaintiff is entitled to prejudgment interest at the legal rate pursuant to A.R.S. §20-462, or at such other rate as is appropriate to compensate her for the losses she has incurred as a result of Defendants' nonpayment of benefits.

WHEREFORE, Plaintiff prays for judgment as follows:

A.      For an Order finding that the evidence in Plaintiff's claim is sufficient to prove that she is disabled and meets any definition of disability in the Plan and/or Policy due to a medical condition and/or medical conditions that are not subject to a "limited pay period" as that term is defined and set forth in the Plan and/or Policy.  As a result of the Court's finding that Plaintiff is disabled due to a medical condition and/or medical conditions that are not subject to a "limited pay period" as set forth in the Plan and/or Policy, she seeks an Order that she is entitled to disability income benefits as well as any other non-disability employee benefits she may be entitled as a result of the Court's finding that she is disabled, from the date she was first denied these benefits through the date of judgment with prejudgment interest thereon;

B.      For an Order directing Defendants to continue paying Plaintiff the aforementioned benefits until such a time as she meets the conditions for the termination of benefits;

C.      For attorney's fees and costs incurred as a result of prosecuting this suit pursuant to 29 U.S.C. §1132(g); and

D.      For such other and further relief as the Court deems just and proper.

DATED this 22nd day of June, 2016.


SCOTT E. DAVIS. P.C.

By:     */s/ Scott E. Davis*
        Scott E. Davis
        Attorney for Plaintiff